United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIBEL AMAYA-ROBLES, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-1485 (Criminal No. H-00-875-02) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Maribel Amaya-Robles, has filed a Motion Pursuant to 28 U.S.C. 2255 (F,3) In Light of the Retroactive Effect of <u>Johnson v. United States</u>, 576 U.S. S.Ct. 2015, and Its Progeny, <u>Welch v. United States</u>, U.S. S.Ct. 2016 ("§ 2255 Motion") (Docket Entry No. 356).[1] On March 4, 2011, petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and on June 17, 2011, petitioner was sentenced within the advisory Sentencing Guideline range to 262 months in prison and five years of supervised release (Judgment in a Criminal Case, Docket Entry No. 303). On August 8, 2012, Amaya-Robles's appeal was dismissed as frivolous (Judgment, United States Court of Appeals, Docket Entry No. 327).

---

[1]All docket entry references are to Criminal No. H-00-875.

The Court has carefully reviewed Amaya-Robles's motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and concludes that a response to her motion is not required.

Amaya-Robles argues that she is entitled to habeas relief under two recent decisions of the United States Supreme Court. In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Court held that its decision in <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review.

Amaya-Robles's sentence was not based on the ACCA, and the ACCA did not affect her advisory sentencing guideline range. (Nor was her guideline range or her sentence affected by 18 U.S.C. § 16, which defines a "crime of violence.") The court therefore concludes that Amaya-Robles is not entitled to relief under § 2255.

Accordingly, Amaya-Robles's Motion Pursuant to 28 U.S.C. 2255 (F,3) In Light of the Retroactive Effect of <u>Johnson v. United States</u>, 576 U.S. S.Ct. 2015, and Its Progeny, <u>Welch v. United States</u>, U.S. S.Ct. 2016 (Docket Entry No. 356) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Maribel Amaya-Robles and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 31st day of May, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE