IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARIBEL AMAYA ROBLES, §
§
Petitioner/Defendant, §
§ CIVIL ACTION NO. H-18-2411
v. § (CRIMINAL NO. H-00-875-02)
§
UNITED STATES OF AMERICA, §
§
Respondent/Plaintiff. §


## MEMORANDUM OPINION AND ORDER


On May 25, 2016, defendant, Maribel Amaya Robles, filed a Motion Pursuant to 28 U.S.C. 2255(F,3) In Light of the Retroactive Effect of Johnson v. United States, 576, U.S. S. Ct. 2015, and Its Progeny, Welch v. United States, U.S., S. Ct. 2016 ("§ 2255 Motion") (Civil Action No. H-16-1485) (Docket Entry No. 356).[1] On May 31, 2016, the court entered a Memorandum Opinion and Order (Docket Entry No. 357) dismissing the § 2255 Motion and entered a Final Judgment (Docket Entry No. 358) dismissing Civil Action No. H-16-1485. On June 28, 2017, the United States Court of Appeals for the Fifth Circuit denied Robles a certificate of appealability (Docket Entry No. 367).

On July 13, 2018, Robles filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person

---

[1]All docket entry references are to Criminal No. H-00-875.

in Federal Custody ("Second § 2255 Motion") (Docket Entry No. 369). On August 2, 2018, Robles filed an Addendum of Correction to her Second § 2255 Motion (Docket Entry No. 374). The United States has filed a Motion to Dismiss § 2255 Motion Without Prejudice (Docket Entry No. 375).

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. Because Robles' Second § 2255 Motion is successive and Robles has not obtained authorization from the United States Court of Appeals for this court to consider it, the government's Motion to Dismiss § 2255 Motion Without Prejudice (Docket Entry No. 375) is **GRANTED**, and Robles' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 369) and Addendum of Correction (Docket Entry No. 374) are **DISMISSED AS SUCCESSIVE.**

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Maribel Amaya Robles and to the United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this 14th day of August, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE